UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. SAYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-114-WTL-MJD |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Further Proceedings**

The petition of Richard N. Sayles for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR14-08-0076. For the reasons explained in this Entry, further development is required.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On August 19, 2014, Correctional Officer Jason Griffith filed a Report of Conduct that charged Sayles with the class B-213 offense of threatening. The Report of Conduct states:

> During the entire day I had several verbal encounters with Offender Sayles. Offender Sayles cursed me on ALL of these occasions. At or around 3:30 pm Offender Sayles 36665 screamed at me saying "Griffith, you are going to die in here mother fucker." I take this as a death threat and should be addressed as such .
> . . .

Sayles was notified of the charge of class B-213 offense when Officer Guffey attempted to screen him on the charge. Sayles refused to come out of his cell for screening. Officer Ferguson confirmed that Sayles refused to come out of his cell for screening.

On August 25, 2014, Officer McCully asked Sayles if he wanted to attend his disciplinary hearing, to which Sayles responded that he did not receive a copy of the Report of Conduct and that he refused to attend the hearing. The Hearing Officer noted that Sayles refused to attend the hearing and found him guilty of threatening in his absence based upon the Report of Conduct.

The sanctions imposed included a written reprimand, disciplinary segregation of 90 days, and the deprivation of 90 days of earned credit time.

Sayles' appeal to the Facility Head was denied on September 30, 2014. He then appealed to the Final Reviewing Authority, who denied his appeal on October 28, 2014. He filed his Petition for Writ of Habeas Corpus on January 27, 2015.

## C. Further Briefing Required

Sayles is understood to argue in his petition and subsequent briefing that he did not participate at the screening hearing (where he would have had the opportunity to request exculpatory evidence) or the disciplinary hearing because his mental illness prevented him from doing so. Specifically, Sayles explains that to participate in disciplinary screening or hearing he is

required to enter a small metal box with small holes and a cuff port on one side. When not used for disciplinary hearings and screenings these boxes are used as shower stalls. Sayles explains that being placed in a small confined space severely affects him and causes panic attacks. He describes this experience as torturous. He asserts that mental health professionals and custody staff were aware that these tightly confined spaces had a serious adverse effect on Sayles. For example, as of May 27, 2015, Sayles had not showered for nearly a year because he did not want to enter the box.

If these claims are true, then Sayles' mental illness should have been accommodated so that he could participate in the disciplinary process. It is obvious that an inmate confined to a wheelchair could not be required to climb a flight of stairs in order to participate in his disciplinary hearing and instead alternative arrangements must be made. If Sayles refused to participate in the screening out of his own recalcitrance then this is an easy case. But if Sayles wanted to participate in the screening and disciplinary hearing but was unable to do so out of fear of being placed in the mental box, then this is a much harder issue (particularly, if the respondent knew that such placement would cause Sayles to suffer).

The respondent will be given a further opportunity to respond to this claim. The reason for this ruling is that the respondent apparently understood the claim to be an Eighth Amendment conditions of confinement claim which is not relevant to this petition for writ of habeas corpus. Further, nothing in this Entry prohibits the respondent from raising the issue of procedural default if appropriate.

The respondent shall have **through January 12, 2016,** in which to supplement his return to the order to show cause. Sayles will have **through February 9, 2016**, in which to file any reply.

**IT IS SO ORDERED.**

Date: 12/14/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD N. SAYLES
136665
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel