UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. SAYLES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DUSHAN ZATECKY, )<br>)<br>Respondent. ) | Case No. 1:15-cv-0114-WTL-MPB |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Richard N. Sayles for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR14-08-0076. For the reasons explained in this Entry, Sayles' habeas petition must be **denied**.

## Discussion

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On August 19, 2014, Correctional Officer Jason Griffith issued a Report of Conduct that charged Sayles with the class B-213 offense of threatening. The Report of Conduct states:

> During the entire day I had several verbal encounters with Offender Sayles. Offender Sayles cursed me on ALL of these occasions. At or around 3:30 pm Offender Sayles 36665 screamed at me saying "Griffith, you are going to die in here mother fucker." I take this as a death threat and should be addressed as such .
> . . .

Sayles was notified of the charge of class B-213 offense when Officer Guffey attempted to screen him on the charge. Sayles refused to come out of his cell for screening. Officer Ferguson confirmed that Sayles refused to come out of his cell for screening.

On August 25, 2014, Officer McCully asked Sayles if he wanted to attend his disciplinary hearing, to which Sayles responded that he did not receive a copy of the Report of Conduct and that he refused to attend the hearing. The Hearing Officer noted that Sayles refused to attend the hearing and found him guilty of threatening in his absence based upon the Report of Conduct.

The sanctions imposed included a written reprimand, disciplinary segregation of 90 days, and the deprivation of 90 days of earned credit time.

Sayles' appeal to the Facility Head was denied on September 30, 2014. He then appealed to the Final Reviewing Authority, who denied his appeal on October 28, 2014. He filed his Petition for Writ of Habeas Corpus on January 27, 2015.

**C. Analysis**

Sayles argues in his petition that he is entitled to habeas relief for the following reasons: (A) he was denied a copy of the Report of Conduct or evidence; (B) the evidence was sufficient to support the guilty decision; and (C) the Hearing Officer was impartial.

### 1. Requests for Report of Conduct or Evidence

Sayles first claims that he was not provided a copy of the Report of Conduct. He also claims that the Screening Officer failed to comply with his request for the Report of Conduct, video evidence, and a continuance. However, by refusing to participate in the screening and in his disciplinary hearing he waived those rights.

The record shows that on August 20, 2014, Sayles was given notice that he was being charged with threatening, but he refused to come out of his cell for the screening. He was given the opportunity to request witnesses and physical evidence, and he failed to do so by refusing to participate in the screening. It was not until some point thereafter that he requested a copy of the Report of Conduct and videos.

Sayles is argues in his petition and subsequent briefing that he did not participate at the screening hearing (where he would have had the opportunity to request exculpatory evidence) or the disciplinary hearing because his mental illness prevented him from doing so. Specifically, Sayles explains that to participate in disciplinary screening or hearing he is required to enter a small metal box with small holes and a cuff port on one side. When not used for disciplinary hearings and screenings these boxes are used as shower stalls. Sayles explains that being placed in a small confined space severely affects him and causes panic attacks. He describes this experience as torturous. But this argument has been procedurally defaulted because Sayles failed to raise this issue in his disciplinary hearing appeal. That appeal says nothing about Sayles' inability to participate at the screening or hearing because of the physical conditions under which such proceedings occur. Before seeking federal habeas relief, an offender must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). An offender's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. *Id. See also*

*Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the ... Final Reviewing Authority....").

### (2) Sufficiency of the Evidence.

Sayles argues that the Screening Report contains prejudicial evidence because the Report of Conduct was based on false statements from Officer Griffith. These arguments are merely a challenge to the sufficiency of the evidence supporting the Hearing Officer's finding of guilt. This Court will not reweigh evidence or reassess the credibility of witnesses. *Hill*, 472 U.S. at 455-56. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report that Sayles had threatened the correctional officer. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). No relief is warranted on this basis.

### (3) Impartial Hearing Officer.

Sayles next claims that the Hearing Officer was not impartial because of a prior unrelated case he brought against her and because the hearing officer and the author of the conduct report are co-workers. One of the procedural due process rights set out in *Wolff* is the right to be heard before an impartial decision maker. Due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). The Hearing

Officer was not involved in the circumstances underlying the charge here and was not present when the threat occurred. Sayles has failed to show that the Hearing Officer in his proceeding was partial and no relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sayles to the relief he seeks. Accordingly, Sayles' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue. Sayles' motion to take action [dkt. 21] is **denied as moot.**

**IT IS SO ORDERED.**

Date: 2/2/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD N. SAYLES
136665
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel